IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GARY ANTHONY COLE SR., § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:21-CV-1124-P | |
| § | | |
| BOBBY LUMPKIN, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Gary Anthony Cole Sr., a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. The petition was transferred to this division by the Houston division of the United States District Court for the Southern District of Texas. After having considered the pleadings, state-court records, and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part and denied in part.

**I. BACKGROUND**

Petitioner is serving a 25-year sentence for his 2019 conviction in Tarrant County, Texas, Case No. 1572711D, for assault on a public servant, namely a "jailor" at the Tarrant County jail. Pet. 6, ECF No. 1[1]; TEX. DEP'T OF CRIMINAL JUSTICE, TDCJ's Offender

---

[1]Because a page is inserted into the form petition, the pagination in the ECF header is used.

Information Details, http://www.offender.tdcj.gov/OffenderSearch/offenderDetail (last visited October 20, 2021). Petitioner asserts that he was also disciplined for the incident following a disciplinary proceeding at the Tarrant County jail. Pet. 6–7, ECF No. 1.

## II. ISSUES

In the instant petition, Petitioner indicates that he challenges a judgment of conviction or sentence; a disciplinary proceeding; and the violation of his constitutional rights. Pet. 2, ECF No. 1. He raises two grounds for habeas relief, which are construed as follows:

(1)  Denial of his constitutional rights of due process and equal protection of the law during the disciplinary proceeding; and

(2)  Denial of his constitutional rights of due process and equal protection of the law by TDCJ-CID as a result of the 2019 conviction, namely his transfer to the Estelle unit, reduction in his line class status limiting his ability to earn good-time credits, and restrictions on his commissary privileges.

*Id.* at 6. He requests that the Court order that he be "removed from G-4 to G-2 status, placed in S-2-status and transferred to G-2 medical unit." *Id.* at 7. He also seeks injunctive relief and damages. Mot.1–3, ECF No. 16.

Prior to the transfer of this case, Respondent filed a motion to dismiss himself as a party respondent on the basis that Petitioner was not in TDCJ-CID custody at the time of the disciplinary proceeding conducted by Tarrant County the subject of Petitioner's ground one and that the Texas Attorney General, counsel for Respondent, has neither the duty nor the authority to represent Tarrant County in response to the claim. Mot. 3–4, ECF No. 18. Although Petitioner indicates that he challenges the Tarrant County disciplinary proceeding

and he complains under ground one that he was denied a fair disciplinary hearing, he explicitly states in his response filed on September 15, 2021, that (all spelling, punctuation, and/or grammatical errors are in the original)

> [t]he Respondent's and his attorneys is in error to state or think that I am challenging the disciplinary proceeding of Tarrant County. I, Petitioner, Cole, is challenging the status of my line class, goodtime, commissary and the way the the Respondent and his classifaction use this conviction for assault on a public servant to place me in G-4 status, take my commissary and deny me access to good-time. This was done without due process.

Pet'r's Resp. 2–3, ECF No. 22. Accordingly, the Court finds that ground one is abandoned by Petitioner and should be dismissed. Respondent's motion to dismiss Respondent as a party respondent is **DENIED**.

## III. RULE 5 STATEMENT

Prior to the transfer of this case, Respondent also filed a motion to dismiss for failure to exhaust state-court remedies on the basis that Petitioner failed to exhaust his second ground as required by § 2242(b)(1)(A) by failing to properly raise the claim in an application for state habeas-corpus relief under Texas Code of Criminal Procedure article 11.07. Mot. 4–8, ECF No. 19. Petitioner claims that he has filed grievances in TDCJ-CID "to remove [the] illegal action," but TDCJ-CID refuses to do so. Pet. 7, ECF No. 1. However, he provides no proof that he has exhausted the prison's administrative remedy through completion. Nevertheless, a court may deny a petition on the merits notwithstanding a petitioner's failure to exhaust the remedies available in the state courts, and the Court chooses to do so. 28 U.S.C. § 2254(b)(2). Respondent's motion to dismiss for failure to

3

exhaust state-court remedies is therefore **DENIED**.

## IV.  DISCUSSION

A state prisoner seeking federal habeas relief pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *Lowery v. Collins,* 988 F.2d 1364, 1367 (5th Cir. 1993). Due process requirements only apply when a protected liberty interest is at stake. *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995). Protected liberty interests are generally limited to circumstances that, "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

An inmate has no constitutional right to be housed in any particular facility. *Olim v. Wakinekona,* 461 U.S. 238, 244–51 (1983). Thus, Petitioner has no protected liberty interest under the Due Process Clause with regard to his unit or his cell assignment. *Id.* at 245–46; *Sandin,* 515 U.S. at 472.

Similarly, an inmate has no constitutional right to a particular custodial classification or time-earning status. *See Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir. 2000) (holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating)*; Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Luken v. Scott,* 71 F.3d 192, 193–94 (5th Cir. 1995). Thus, Petitioner has no protected liberty interest under the Due Process Clause with regard to his line class status.

Further, challenges to commissary restrictions are simply challenges to the

conditions of confinement and do not implicate due process concerns. *Sandin v. Conner,* 515 U.S. 472, 486 (1995); *Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). To the extent Petitioner otherwise complains of the conditions of his confinement, including the assertion that he is being denied use of the law library and access to "indigent supplies," and seeks injunctive relief and monetary damages, he must do so in a civil-rights action under 42 U.S.C. § 1983. Mot. 2–3, ECF No. 16; Mot. 2, ECF No. 22.

Finally, vague and conclusory allegations of equal protection violations are insufficient to raise an equal protection claim. Essentially, the Equal Protection Clause requires that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). Therefore, a prisoner must allege or show that he was treated differently from other, similarly situated prisoners or demonstrate that the decision reached by prison officials was made without any rational basis due to illegitimate animus or ill-will. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Petitioner makes no such showing.

In sum, Petitioner has failed to demonstrate a violation of a constitutionally protected right warranting federal habeas relief.

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** in part and **DENIED** in part. All other relief

is **DENIED**. A certificate of appealability is also **DENIED.**

    **SO ORDERED** on this **20th day** of **October, 2021.**

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE